**SIGNED this 26th day of October, 2018**

_/s/ Nicholas W Whittenburg_
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

___

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Philip Craig Burke** | ) | No. 1:15-bk-10724-NWW |
| **Nekolia Swope Burke** | ) | Chapter 7 |
| | ) | |
| **Debtors** | ) | |
| | ) | |
| **Andrea Hayduk, Trustee** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Adv. No. 1:18-ap-01032-NWW |
| | ) | |
| **Taylor N. Burke: Chaffin B. Burke;** | ) | |
| **Trevor A. Burke: Trevor Fielding** | ) | |
| **Atchley, Administrator; and Samples,** | ) | |
| **Jennings, Clem & Fields, PLLC** | ) | |
| | ) | |
| **Defendants** | ) | |

# M E M O R A N D U M

This adversary proceeding is before the court on the Motion to Dismiss, or Alternatively to Abstain, filed on September 18, 2018, by defendants Taylor N. Burke,

Chaffin B. Burke, and Trevor A. Burke, who are the children of debtor Nekolia Swope Burke. Having considered the motion and supporting brief and the plaintiff's responsive brief, the court will grant the motion for the reasons stated below.

The motion is made pursuant to Fed. R. Civ. P. 12(b)(1) and (6), made applicable in bankruptcy adversary proceedings by Fed. R. Bankr. P. 7012(b).[1] Respecting a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction, the court must simply "satisfy itself as to the existence of its power to hear the case." *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). On the other hand, when presented with a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). When well pleaded factual allegations are assumed to be true, the could must "then determine whether they plausibly give rise to an entitlement to relief.' *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Therefore, if the relief requested in a factually well pleaded complaint nevertheless is precluded as a matter of law, the Rule 12(b)(6) motion to dismiss must be granted.

The complaint initiating this proceeding alleges that, on December 2, 2013, debtor Nekolia Burke executed the Disclaimer of Interest a copy of which is attached to the complaint. The body of the document reads, in its entirety, as follows:

> WHEREAS, Beverly Kinser Swope died on March 4, 2013; and

---

[1] While the motion explicitly refers only to subdivision (6) of Rule 12(b), because the motion in part raises a jurisdictional issue, the court will treat that aspect of the motion has having been made pursuant to Rule 12(b)(1).

> WHEREAS, by will dated May 14, 1993, and subsequently probated in the Hamilton County Chancery Court, Beverly Kinser Swope bequeathed the residue of her estate to her children in equal shares; and
>
> WHEREAS, Nekolia Beverly Grace Burke has not accepted any portion of the aforesaid inheritance due to her under Paragraph 3 of her mother's will;
>
> NOW, THEREFORE, pursuant to Tenn. Code Ann. §31-1-103, Nekolia Beverly Grace Burke hereby irrevocably disclaims and renounces her entire interest in the residue of the estate of Beverly Kinser Swope to which she is otherwise entitled under Paragraph 3 of the aforesaid will, subject to her intention and expectation that said interest shall pass to her issue, pursuant to Tenn. Code Ann. §32-3-105. The issue of Nekolia Beverly Grace Burke are her three adult children, Taylor N. Burke, Chaffin B. Burke, and Trevor A. Burke. Nekolia Beverly Grace Burke hereby swears or affirms that she has not accepted, used or benefitted from any portion of the residuary estate of Beverly Kinser Swope.

The plaintiff, who is the trustee for the chapter 7 bankruptcy estate of Nekolia Burke, seeks to recover the inheritance that Ms. Burke would have received from the estate of her deceased mother, Beverly Kinser Swope, under two theories. First, the Disclaimer of Interest effected a transfer of property of the debtor that is avoidable as a fraudulent transfer under subparagraphs (A) and/or (B) of 11 U.S.C. § 548(a)(1). Second, the Disclaimer of Interest was invalid under Tennessee law. The movants seek to dismiss the complaint as to the first theory pursuant to Fed. R. Civ. P. 12(b)(6), contending that the Disclaimer of Interest was not a transfer of the debtor's property. The movants seek to dismiss the second theory pursuant to Fed. R. Civ. P. 12(b)(1), contending that the court lacks subject matter jurisdiction over that count. The court will address the movants' arguments in turn.

**Transfer of an Interest of the Debtor in Property**

With respect to the "fraudulent conveyance" theory, the movants assert that there was no transfer of the debtor's property, relying on section 31-1-103(c) of the Tennessee Code Annotated. That provision, in conjunction with section 32-3-105 of the Tennessee Code Annotated, provides that, when an interest in an inheritance is disclaimed, the interest passes to the issue of the disclaimer "as if the person disclaiming had predeceased the decedent" unless the testator's will provides otherwise. This provision codifies the relation-back doctrine. Under this doctrine, when a beneficiary under a will disclaims an inheritance, the disclaimer relates back to the time of the testator's death such that the testator's estate does not vest in the disclaiming heir but, instead, passes directly to the heirs of the disclaiming heir. Applying this statutorily prescribed legal fiction to this case, if the Disclaimer of Interest is valid, the portion of Ms. Swope's estate that Ms. Burke stood to inherit is deemed to have vested directly with Ms. Burke's issue, the movants, so that Ms. Burke never held a legal or equitable property interest in the probate estate. The movants maintain that, as Ms. Burke never held an interest in her mother's estate, the Disclaimer of Interest did not effect a transfer of an interest of the debtor in property that is subject to avoidance as a fraudulent transfer.

All five federal courts of appeals to address the issue have reached that very conclusion. *Gaughan v. Edward Dittlof Revocable Trust (In re Costas)*, 555 F.3d 790 (9th Cir. 2009); *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764 (8th Cir. 2000); *Simpson v. Penner (In re Simpson)*, 36 F.3d 450 (5th Cir. 1994); *Jones v. Atchison (In re Atchison)*, 925 F.2d 209 (7th Cir. 1991); *Hoecker v. United Bank*, 476 F.2d 838 (10th Cir. 1973). In the most recent such decision, the Ninth Circuit held that Arizona's statute

providing for relation back of a disclaimer barred the avoidance of the disclaimer under § 548, concluding that the principles of *Butner v. United States*, 440 U.S. 48 (1979), require deference to the relation-back doctrine prescribed by state law:

> Ordinarily, bankruptcy courts look to *Butner* to answer this question. There, the Supreme Court addressed a circuit split over the ownership of rents. Some circuits followed state law in determining who received post-petition rents, whereas other circuits fashioned a federal rule of equity to allow mortgagees to receive the rents. Ultimately, the Court rejected the federal equity rule, explaining that "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." Thus, "[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."
>
> Applying the principle of *Butner* to similar disclaimers, several appellate courts have found § 548 inapplicable. For example, the Seventh Circuit took a broad view of *Butner*, explaining that "[a]ll applicable state law must be construed to determine whether a debtor possesses a property interest," including the relation back rule. The contrary view, the court found, "fail[ed] to give full application to the relation back doctrine under applicable state laws." Based on this deferential approach to state law, the *Atchison* court concluded that a disclaimer was not a "transfer of an interest in property" subject to avoidance under § 548(a).

*Costas*, 555 F.3d at 794 (citing and quoting *Butner*, 440 U.S. at 51-55; *Atchison*, 925 F.2d at 211-12) (additional citations omitted).

The plaintiff, on the otherhand, urges the court not to follow this line of cases. Instead, the plaintiff urges the court to follow cases relying on the Supreme Court's opinion in *Drye v. United States*, 528 U.S. 49 (1999) and holding that a declaimer of an inheritance is a transfer of the disclaiming heir's property. The Ninth Circuit fully addressed that argument as well:

> In *Drye*, a tax debtor inherited his mother's estate after the IRS had obtained a tax lien on all his "property and rights to property." Relying on Arkansas' relation-back disclaimer rule, Drye disclaimed his inheritance

and argued that he had no property to which the IRS lien could attach. The Supreme Court, however, rejected Drye's theory and held that the tax lien attached to disclaimed property despite state law relation-back rules. After discussing the breadth of federal tax lien law, the Court described its analysis: "We look initially to state law to determine what rights the taxpayer has in the property the Government seeks to reach, then to federal law to determine whether the taxpayer's state-delineated rights qualify as 'property' or 'rights to property' within the compass of the federal tax lien legislation." Although Drye asserted that he had nothing but the right to reject a gift, the Supreme Court disagreed, reasoning that a rejected gift returns to the donor, whereas a disclaimer channels the property to another person. Finding this power to channel a sufficient state law interest to constitute "property" under the federal tax lien provisions, the Court held that the lien attached despite Drye's refusal to take the property.

  The Trustee urges us to extend *Drye* to the bankruptcy context and recognize the "right to channel" as an "interest . . . in property" for purposes of the Code. The Trustee's argument is that *Drye* recognizes a "right to channel" interest that constitutes "property" not just for tax lien cases, but as a matter of federal law. Further, the Trustee suggests that *Drye* accords with bankruptcy policy by increasing the size of the debtor's estate. In contrast, Costas requests that we adhere to the more deferential approach of *Butner* and treat the disclaimer as Arizona would.

  The Trustee's argument has some force: if the "right to channel" has been recognized as a "property" interest for one federal statute, why not for the other? Nevertheless, we believe that *Drye* is distinguishable, both factually and legally, and that its adoption in the bankruptcy context would, in any event, be inappropriate.

  First, *Drye* is distinguishable based on timing issues. Although *Drye*, like this case, involved a collision between federal law and state relation back doctrines, the impact between the two occurred at a different time. In *Drye*, the tax lien was already in place prior to the execution of the disclaimer. Thus, before the taxpayer attempted to execute his disclaimer, the federal government already had an interest in the subject property. Application of the state law fiction would have stripped the government of this interest.

  In contrast, the disclaimer here occurred pre-petition, meaning that the retroactive divestment of property interests occurred prior to the bankruptcy estate gaining any interests in the right to disclaim. Therefore, the state law did not operate to defeat any pre-existing interests. Rather, the situation in *Drye* is more analogous to a post-petition disclaimer, where a

debtor invokes the disclaimer protections of state law only after the creation of the bankruptcy estate. In cases of post-petition disclaimers, courts have generally included disclaimed property in the estate, reasoning that the right to disclaim itself belongs to the estate as of the time of filing. This context mirrors *Drye* because in both situations full deference to the state's disclaimer rules would strip parties of pre-existing interests. Thus, *Drye* accords well with the post-petition situation, but not with pre-petition disclaimers where no prior interests exist.

Second, *Drye* is distinguishable based on its legal context. Indisputably, *Drye* is, first and foremost, a tax lien case. . . .

Admittedly, similarities exist between the tax lien statute and the Code, as both broadly rely on state law to define "property." Nevertheless, tax lien rules do not translate directly into bankruptcy rules. In the tax lien context, collection is the primary focus. This vital function often "justifies the extraordinary priority accorded federal tax liens. . . ." Indeed, the Supreme Court has repeatedly construed tax lien provisions to permit the government to reach property beyond the grasp of other creditors.

This purpose contrasts sharply with the policy of bankruptcy law, which largely respects substantive state law rights, neither granting a creditor new rights in the debtor's property nor taking any away. Indeed, the Court in *Butner* expressly invoked this goal of achieving "[u]niform treatment of property interests by both state and federal courts within a State . . . ." By replicating state law rights, the Court hoped to (1) reduce uncertainty, (2) discourage forum shopping, and (3) "prevent a party from receiving 'a windfall merely by reason of the happenstance of bankruptcy.'" Extending the rule in *Drye* to the bankruptcy context, however, would undermine all of these goals. Uncertainty would increase because disclaimers, though generally valid, would lose effect in bankruptcy. Second, forum shopping would increase because creditors of disclaimants would have an incentive to push for bankruptcy in order to gain an interest in otherwise protected property. Finally, many creditors, including those in this case, would receive a windfall: although the disclaimed property was absolutely protected under state law, they would receive a share of the property solely because Costas filed for bankruptcy within two years of her disclaimer. Thus, based on the concerns set out in *Butner*, little justification exists for permitting creditors to reach property that, but for the fortuity of a bankruptcy filing, would remain beyond their grasp.

Further, the inappropriateness of extending *Drye* is reinforced by comparing the Code's treatment of exemptions to the treatment under the federal tax lien statute. In *Drye*, the Court stressed the breadth of "property" under § 6331 of the Internal Revenue Code by noting that the tax lien

> statute recognized only a narrow range of exemptions, none of which mentioned disclaimers. On this ground, the Court distinguished the gift tax statute, which explicitly incorporates an exception for disclaimers. While the Code lacks an express exemption for disclaimers like § 2518(a), its exemptions are nonetheless quite broad, allowing a debtor to take advantage of all available state law exemptions. Again, this highlights the key difference between "property" for purposes of tax collection and for bankruptcy: the former largely trumps state law, the other tries to incorporate it.
>
> For these reasons, we find that Drye is distinguishable and we refuse to extend its logic to the bankruptcy context. Instead, we apply the principles of *Butner* and hold that a disclaimer, properly executed under Arizona law, is not a "transfer . . . of an interest of the debtor in property" for purposes of § 548.

*Costas*, 555 F.3d at 794-97 (citing and quoting *Drye*, 528 U.S. at 52-61; *Butner*, 440 U.S. at 55) (additional citations omitted); *see Laughlin v. Nouveau Body & Tan, L.L.C. (In re Laughlin)*, 602 F.3d 417, 424 (5th Cir. 2010) (declining to extend *Drye* in context of denying discharge due to debtor making fraudulent conveyance by way of renunciation of right to inherit).

This court agrees with the Ninth Circuit and finds *Drye* distinguishable. The court is aware of contrary decisions by its sister courts. *E.g.*, *In re Kloubec*, 247 B.R. 246 (Bankr. N.D. Iowa 2000) (applying *Drye* to avoid a disclaimer under § 548), *aff'd on other grounds*, 268 B.R. 173, 177 (N.D. Iowa 2001) (not addressing issue due to finding that debtor had waived right to disclaim by encumbering his interest in probate estate); *see Nashville City Bank v. Peery (In re Peery)*, 40 B.R. 811 (Bankr. M.D. Tenn. 1984) (denying discharge based on fraudulent conveyance by way of renunciation of inheritance). However, in the absence of contrary authority from the Sixth Circuit, this court is not inclined to ignore the well reasoned opinions from other appellate courts that

Case 1:18-ap-01032-NWW   Doc 37   Filed 10/26/18   Entered 10/26/18 14:06:29   Desc
Main Document   Page 9 of 14

properly defer to state law to define a debtor's interest in property in the bankruptcy context as directed by the Supreme Court in *Butner*.

To ignore the relation-back doctrine prescribed by state probate law and, instead, apply a federal standard to define a debtor's interest in property would not only contravene the Supreme Court's directive in *Butner*, but would also run afoul of the strong presumption against federal preemption respecting areas of the law traditionally left to state regulation such as family law and probate law. *Egelhoff v. Egelhoff*, 532 U.S. 141, 151 (2001). Tennessee probate law attempts to give effect to the intent of the testator reflected in her will. *In re Estate of McFarland*, 167 S.W.3d 299, 302 (Tenn. 2005) ("In construing a will, the cardinal rule is that the Court must attempt to ascertain the intent of the testator and to give effect to that intent unless prohibited by a rule of law or public policy."). Application of the relation-back doctrine to defeat a fraudulent conveyance action serves this important public policy. Surely Ms. Swope did not intend for her assets to be distributed to her daughter's creditors.

Nor does application of the relation-back doctrine frustrate the expectations of Ms. Burke's creditors. There are no allegations that her creditors extended credit in reliance upon Ms. Burke's inheritance. Thus, allowing Ms. Burke's disclaimer does not deprive them of the benefit of any contractual bargain. In fact, had Ms. Burke encumbered or pledged the property she stood to inherit, the right to disclaim the inheritance may have been precluded. Tenn. Code Ann. § 31-1-103(d)(1). For the reasons stated above, the court will dismiss the plaintiff's claim for the avoidance of the Disclaimer of Interest pursuant to 11 U.S.C. § 548(a) for failure to state a claim upon which relief can be granted.

**Applicability of the Probate Exception to Federal Jurisdiction**

Although the motion to dismiss does not address the merits of the plaintiff's other theory, it is important to understand the theory in ruling on the movants' contention that this court lacks subject matter jurisdiction over the cause of action. Section 31-1-103(b) of the Tennessee Code Annotated provides that, for a disclaimer of an inheritance to be effective, it must be "unqualified" and the interest must pass "without any direction on the part of the person making the disclaimer." The disclaimer signed by debtor Nekolia Burke irrevocably disclaimed and renounced her entire interest in the estate, but did so "subject to her intention and expectation that said interest shall pass to her issue, pursuant to Tenn. Code Ann. §32-3-105." The words "subject to" are words of condition, limitation, qualification, or restriction. Thus, the quoted phrase can be read as providing that Ms. Burke disclaimed her interest only if the effect of the disclaimer was for her children to receive her interest and that, if the will provides for someone else – such as Ms. Burke's siblings – to receive her interest had she died before her mother, then Ms. Burke was not renouncing her interest. If the disclaimer is so interpreted, the trustee contends, it is invalid under state law and Ms. Burke's interest in the probate estate is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)(1) and available for distribution to Ms. Burke's creditors.

The movants do not maintain at this juncture that the Disclaimer of Interest is valid as a matter of law. Instead, they contend that such a determination should be made by the probate court and that this court lacks jurisdiction to determine the validity of the Disclaimer of Interest pursuant to the "probate exception" to federal court

jurisdiction. The probate exception is a judicially created limitation on the jurisdiction of federal courts, including the bankruptcy court. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006).; *see also Markham v. Allen*, 326 U.S. 490 (1946). In *Marshall,* the Supreme Court, attempting to clarify its earlier decision in *Markham* and refine the limited scope of the probate exception, stated:

> We read *Markham*'s enigmatic words . . . to proscribe "disturb[ing] or affect[ing] the possession of property in the custody of a state court." . . . Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall*, 547 U.S. at 310-12 (quoting *Markham*, 326 U.S. at 494) (additional citations omitted). Thus, "unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court, the probate exception does not apply." *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008).

A determination that the Disclaimer of Interest is invalid under Tennessee probate law would result in a recovery by the bankruptcy estate of assets for distribution to Ms. Burke's creditors. It follows that the "outcome of [this] proceeding could conceivably have [an] effect on the estate being administered in bankruptcy." *Dow Corning Corp. v. O'Brian, Tanski, Tanzer & Young Health Care Providers*, 86 F.3d 482, 489 (6th Cir. 1996) (quoting *Pacor, Inc. V. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Therefore, absent application of the probate exception, it is clear that this court would have "related

to" jurisdiction of this cause of action pursuant to 28 U.S.C. § 1334(b).[2] The court must then determine whether the probate exception applies.

Maintaining that the Disclaimer of Interest is invalid, the plaintiff in her complaint prays that the court prohibit the administrator of the probate estate from "transferring any further funds to any of the Defendants in this action pending a hearing on a Permanent Injunction prohibiting such transfer."(Compl. ¶ 8.) The plaintiff is essentially asking this court to exercise control over and determine the disposition of property in the control of the probate court. To this extent, the relief requested in the complaint falls squarely within the probate exception.

As to the assets that have been disbursed to, and are being held in trust by, the movants' law firm, Samples, Jennings, Clem & Fields, PLLC, those funds are technically no longer in the possession or custody of the probate court. This court's exercise of jurisdiction over the disposition of such property arguably does not collide with the probate court's *in rem* jurisdiction over property in its custody. However, a determination regarding the validity of the Disclaimer of Interest may be tantamount to the administration of Ms. Swope's probate estate by this court.

Reviewing the facts and analysis in *Marshall* is instructive. In that case, Vickie Lynn Marshall, also known as Anna Nicole Smith, was the surviving widow of J. Howard Marshall II. *Marshall*, 547 U.S. at 300. E. Pierce Marshall was the beneficiary of J. Howard's estate. *Id.* Vickie filed a bankruptcy petition and Pierce filed a proof of claim

---

[2] The movants do not contend that the court lacks subject matter jurisdiction over the plaintiff's counts to avoid the Disclaimer of Interest under 11 U.S.C. § 548(a)(1)(A) or (B). As to those counts, subject matter jurisdiction clearly exists as they arise under title 11. 28 U.S.C. § 1334(b).

alleging that Vickie had defamed him. *Id*. Pierce also sought a declaration that the defamation claim was not dischargeable. *Id.* at 301. Vickie filed a counterclaim that Pierce had tortiously interfered with her expected inheritance. *Id*. Following a trial the bankruptcy court entered judgment for Vickie on her tortious interference counterclaim. *Id*. The Court of Appeals for the Ninth Circuit reversed, holding that the probate exception bars federal jurisdiction over Vickie's counterclaim. *Id*. at 304. The Supreme Court reversed the decision of the Ninth Circuit and held that the probate exception to federal jurisdiction did not apply. *Id*. at 314. In so holding, the Court noted that Vickie's counterclaim "alleges a widely recognized tort" and "seeks an *in personam* judgment against Pierce, not the probate or annulment of a will. *Id*. at 311. The Court also noted that "[t]rial courts, both federal and state, often address conduct of the kind Vickie alleges. State probate courts possess no 'special proficiency . . . in handling [such] issues." *Id*. (citations omitted).

In contrast to the facts presented in *Marshall*, the plaintiff is contending that the Disclaimer of Interest is "void" under Tennessee probate law. This count of the complaint does not assert a transitory tort claim against the defendants. The plaintiff is not seeking an *in personam* judgment against the heirs of Ms. Burke. Instead, she asks the court to enjoin Samples, Jennings, Clem & Fields, PLLC, from transferring the assets received from Ms. Swope's probate estate to the heirs of Ms. Burke and declare that such assets are property of the bankruptcy estate. Thus, the plaintiff would have this court administer at least a portion of Ms. Swope's probate estate and, to that extent, interfere with the administration of the probate estate by the probate court. Further, determining whether the Disclaimer of Interest is void would require the construction

and application of Tennessee probate law, particularly Tenn. Code Ann. §31-1-103. The probate court in this case should possess a special proficiency in determining this issue. In short, while declaring the Disclaimer of Interest void and enjoining Samples, Jennings, Clem & Fields, PLLC, from distributing proceeds of the probate estate may not strictly speaking "dispose of property that is in the custody of the state probate court," such a ruling would disturb the probate court's disposition of that property and interfere with "the administration of a decedent's estate."

The plaintiff's attempt to invalidate the Disclaimer of Interest falls squarely within the probate exception to federal jurisdiction. Accordingly, the court will also dismiss the plaintiff's claim to invalidate the Disclaimer of Interest under section 31-1-103(b) of the Tennessee Code Annotated for lack of jurisdiction.[3]

## Conclusion

For the foregoing reasons, the court will enter a separate order granting the Motion to Dismiss, or Alternatively to Abstain, filed on September 18, 2018, and dismissing this adversary proceeding.[4]

### ###

---

[3] Thus, the court need not address the movants' alternative request that the court abstain from hearing that claim, pursuant to 28 U.S.C. § 1334(c)(2) and (1). The court does note, however, that most of the prerequisites to mandatory abstention are satisfied here, with the possible exception of the condition that "an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

[4] Although the administrator of the probate estate and the law firm, each a defendant in this adversary proceeding, did not join in the motion, the only relief sought against them is injunctive relief, which is grounded in the two causes of action addressed above. Accordingly, the court will dismiss this adversary proceeding in its entirety.